Taliaferro, J.
The plaintiffs, as heirs of Isaac Lay, sue the succession of O’Neal for $104,847 93, to he paid in due course of administration. They allege in substance that Elias O’Neal was their tutor for many years, and filed before his death eight annual accounts of *644 his administration. The defendant excepted to the form of action instituted by plaintiffs, because the eight annual accounts filed by the tutor had been duly homologated by a court of competent jurisdiction, and the judgments of homologation could not be treated as absolute nullities, but must be avoided by direct action. Defendant further excepted that the parish court had no jurisdiction of the money demand brought by the plaintiffs as it so largely exceeds the sum of five hundred dollars.
The exception was overruled and the court proceeded with the case. The several annual accounts homologated as aforesaid were disposed of as follows: The first was confirmed; the second, third and fourth were rejected and annulled; the fifth was amended by greatly reducing the credits claimed by the tutor; the sixth was in like manner amended ; the seventh and eighth were annulled and amended so as to conform to the amounts previously fixed in the judgment of the court' now rendered.
Thirteen thousand thirty-four dollars and ninety-two cents was the sum fixed as the distributive share of four heirs, subject to certain credits.
Judgment was rendered accordingly and defendants have appealed.
We think the exception should have been sustained. Instead of following the plain provisions of article 998 of the Code of Practice, and calling upon the executrix of the deceased tutor to file an account of the tutorship of O’Neal, and by opposition to the account raised issues involving its correctness, and then having the various matters in contestation in their regular order duly and regularly proceeded with and determined, and the tutor’s liability, if any, definitely fixed by final judgment of the parish court, the plaintiffs bring suit in that court against the succession of O’Neal for an arbitrary amount which they fix themselves as the indebtedness of the tutor, and pray judg’njent against the succession for that sum, an amount far above the jurisdiction of that court in a direct action for a specific sum of money. We regard the proceeding in this case as irregular and not in conformity with law, and conclude that it can not be maintained.
It is- therefore ordered that the judgment of the parish court be annulled and reversed. It is further ordered that this case be dismissed at plaintiffs’ costs, without prejudice to their right to institute new proceedings on their demand.